**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERIC NGWA SHU,

*Petitioner*,

v. No. 2:26-cv-00776-SMD-GJF

TODD BLANCHE,[1] *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Cameroon, applied for entry into the United States at the Bridge of the Americas Port of Entry in El Paso, Texas on May 31, 2025. Petitioner asserts that he fled Cameroon because he was kidnapped by separatist fighters in 2023 and threatened unless he joined them; upon his refusal, he was shot. Upon presenting himself at the United States border, he was detained. There is no indication in the record that he was released on supervision or parole at any time. On January 22, 2026, he was ordered removed to Honduras, a third country with which he has no ties. Petitioner timely appealed the order and, as of the present date, the appeal remains

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

pending.[2] *See* Docs. 1, 7. Petitioner challenges his detention as unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 13-14.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Section 1225, Not Section 1226, Governs Petitioner's Detention

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer

[2] *See* Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 27, 2026, using Petitioner's A-number and nationality).

determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306. The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

In *Mursalin v. Dedos*, the court held that an arriving alien who received a positive credible-fear determination and was placed into § 240 proceedings "remains subject to mandatory detention pursuant to § 1225(b)(1)(B)(ii) until the completion of his claim for asylum[,]" and that neither § 1226 nor § 1231 applies. No. 1:25-cv-00681-MIS-JMR, 2025 WL 3140824, at *6 (D.N.M. Nov. 10, 2025) (citing *Jennings*, 583 U.S. at 287, 299). No mechanism transforms an arriving alien from § 1225(b) custody to § 1226 upon a positive credible fear determination. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111, (2020); *Jennings*, 583 U.S. at 285–87) (holding that applicants who are found to have a credible fear "may also be detained pending

further consideration of their asylum applications"); § 1225(b)(1)(B)(ii) (stating that if the immigration officer determines that a noncitizen has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum").

Here, the record shows that Petitioner was detained at the border as an arriving alien. Because "§ 1225 generally applies at the border while § 1226 applies in the country's interior," and Petitioner is indisputably an arriving alien, § 1225 governs his detention. *See Santillan Quiroz*, 180 F.4th at 1235.

II. <u>Petitioner Is Not Entitled to Relief Under Procedural Due Process Principles</u>

Because *Jennings* held that § 1225(b) does not contain an implicit reasonableness limitation or permit judicial release, attention has turned to constitutional challenges, with courts now "sharply disagree[ing] about the reach of the Due Process Clause as applied to arriving aliens." *Jennings*, 583 U.S. at 298–301; *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020); *Horbenko v. Castro*, No. 2:25-cv-00764-WJ-DLM, 2026 WL 381867, at *7 (D.N.M. Feb. 11, 2026), *report and recommendation adopted*, 2026 WL 702459 (D.N.M. Mar. 12, 2026).

Some courts have held that, at some point, due process entitles a noncitizen subject to prolonged detention under § 1225(b) to an individualized bond hearing before an immigration judge, or some other form of individualized review of eligibility for release beyond the opportunity to request discretionary parole under § 1182(d)(5). *E.g.*, *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848–51 (E.D. Va. 2020); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020); *Clerveaux v. Searls*, 397 F. Supp. 3d 299, 309–22 (W.D.N.Y. 2019).

Other courts have held that due process imposes no time limit or hearing requirement while an alien is detained pending removal proceedings. *E.g.*, *Banyee v. Garland*, 115 F.4th 928, 931-

34 (8th Cir. 2024) (holding that Supreme Court authorities "leave no room for a multi-factor 'reasonableness' test" and set a bright-line rule permitting detention under § 1225(b) as long as deportation proceedings are still pending); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *6 (D. Colo. June 12, 2025); *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *4 (D. Colo. May 12, 2020); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 647-50 (S.D.N.Y. 2018).

The Tenth Circuit has not addressed the issue. *See Giraldo Nieto*, 2025 WL 4087626, at *7. This Court holds that procedural due process does not entitle inadmissible arriving alien subject to prolonged detention to release or a bond hearing before removal proceedings conclude. *See Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12. Under *Mezei* and *Sierra*, such aliens are entitled only to the statutory procedures Congress has authorized, and under *Jennings*, the procedures in § 1225(b) provide neither bond hearings nor any time limit on detention while removal proceedings are pending. *Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12 (citing *Sierra v. INS*, 258 F.3d 1213, 1215–16 (10th Cir. 2001); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212–16 (1953)).

III. <u>The Government's Detention of Petitioner Violates Substantive Due Process</u>

Under the specific facts of this case, however, Petitioner's approximately 17-month detention violates his substantive due process rights, entitling him to relief. While *Jennings* imposes no bright-line limit on a noncitizen's detention, the Supreme Court declined to decide whether mandatory detention under §§ 1225(b) and 1226(c) remains subject to independent constitutional limitations. *Mardanpour v. Warden*, No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *4 (D.N.M. Apr. 9, 2026).

Federal circuit and district courts have long held that deportable aliens in custody for more than a few months must be released because such detention has become imprisonment. *Wolck v. Weedin*, 58 F.2d 928, 930–31 (9th Cir. 1932); *Caranica v. Nagle*, 28 F.2d 955, 957 (9th Cir. 1928), *cert. denied*, 277 U.S. 589 (1928); *United States ex rel. Ross v. Wallis*, 279 F. 401, 403–04 (2d Cir. 1922); *United States ex rel. Janavaris v. Nicolls*, 47 F. Supp. 201 (D. Mass. 1942). The Tenth Circuit has also recognized that inadmissible aliens in physical custody in the United States enjoy some procedural and substantive due process protections under the Fifth Amendment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Giraldo Nieto*, 2025 WL 4087626, at *8.

Respondents provide no specific or apparent justification for continued detention. *See* Doc. 7. Insofar as Respondents seek to assert that any pending appeal is a basis for such detention, exercising the right to appeal should not require surrendering one's physical liberty as collateral. "[S]uch imprisonment is impermissible punishment rather than detention pending deportation." *See Rodriguez-Fernandez*, 654 F.2d at 1387. Indefinitely detaining Petitioner solely because he seeks to exhaust his right to an appeal lacks a legitimate regulatory purpose and amounts to impermissible punitive detention in violation of his substantive due process rights. *Mardanpour*, 2026 WL 963164, at *3.

In sum, the Court finds that Petitioner's indefinite detention, now approaching 17 months, is constitutionally excessive in relation to the government's legitimate, nonpunitive purpose of

facilitating removal. Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals could take years. Under these circumstances, Petitioner's indefinite detention of nearly 17 months is punitive and violates his substantive due process rights. *Rodriguez-Fernandez*, 654 F.2d at 1387 (finding that indefinite detention, "continued beyond reasonable efforts to expel the alien[,]" constitutes punishment in violation of the Fifth Amendment); *Mardanpour*, 2026 WL 963164, at *6.

Respondents have failed to articulate any legitimate interest in Petitioner's continued detention. Thus, the Court finds that immediate conditional release is the appropriate remedy. *See Espinosa v. Warden*, No. 2:26-cv-02907-MIS-SCY, 2026 WL 2906454, at *2 (D.N.M. Sept. 28, 2026) (collecting cases and granting release where petitioner was detained under § 1225 for seven months).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents are **ORDERED** to release Petitioner within 48 hours, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3) Respondents **SHALL** provide Petitioner will all personal belongings and facilitate Petitioner's transportation from the detention facility;
4) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
6) Respondents **SHALL NOT** re-detain Petitioner without (1) evidence that Petitioner has committed a crime or absconded in regard to administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;
7) Petitioner's Motion for Immediate Release (Doc. 10) is **DENIED** as moot;
8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and entertain any motion for attorneys' fees.

**IT IS SO ORDERED**.



**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**